Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2263 | **DATE** | April 3, 2013 |
| **CASE TITLE** | Leon Robinson-Bey (B-34325) v. State of Illinois | | |

**DOCKET ENTRY TEXT**

Petitioner's current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is successive, and the court summarily dismisses it without prejudice for lack of jurisdiction. Petitioner may seek permission from the Seventh Circuit to file a successive 28 U.S.C. § 2254 petition pursuant to Circuit Rule 22.2. His motions to proceed *in forma pauperis* [3] and for the assistance of counsel [4] are denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Leon Robinson-Bey, an inmate in custody at the Stateville Correctional Center, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 15, 1992 conviction for murder. (Cook County Circuit Court No. 91 CF 2234). He contends that the prosecutor knowingly used false and perjured testimony before the grand jury in order to charge Petitioner and that his attorney was ineffective for not filing a post-trial motion to preserve challenges to several trial errors.

Petitioner previously challenged his 1992 conviction in a prior habeas corpus petition. *See Leon Robinson v. James Chrans*, No. 09 C 3162 (N.D. Ill.) (Pallmeyer, J.). This court dismissed that petition on the merits on January 29, 2002. The court denied Petitioner's request for a certificate of apealability, and the Seventh Circuit did so, as well. In July 2009, Petitioner filed another 28 U.S.C. § 2254 petition challenging the same conviction. *See Leon Robinson-Bey v. Frank Shaw*, No. 09 C 3295 (N.D. Ill.) (Pallmeyer, J.). The court dismissed that petition as successive and instructed Petitioner that he had to obtain permission from the Seventh Circuit pursuant to 28 U.S.C. § 2244(b) before proceeding in this court.

Like the 2009 petition, the instant petition challenges the same conviction at issue in the 1999 petition. The fact that Petitioner may be raising different claims in this filing does not alter the conclusion that he must obtain permission from the Seventh Circuit in order to file this new petition in this court. Petitioner makes no showing that he has obtained such permission from the Seventh Circuit. This court thus has no jurisdiction to consider the current petition. *See* 28 U.S.C. 2244(b); *White v. United States*, 371 F.3d 900, 903 (7th Cir. 2004); *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999).

This petition is dismissed without prejudice to renewal should Petitioner obtain leave to file from the appellate court. Circuit Rule 22.2 explains how a petitioner may obtain permission from the Seventh Circuit to file a second or successive petition. A copy of that Rule is attached to this order.

Petitioner's motions to proceed *in forma pauperis* and for assistance of counsel are denied.

| STATEMENT |
|---|

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

> (1) A disclosure statement, if required by Circuit Rule 26.1.
>
> (2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:
>
>> (A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or
>>
>> (B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.
>
> (3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.
>
> (4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.
>
> (5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, filing and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 14 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.